UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA, | * | |
|---|---|---|
| | * | |
| v. | * | Criminal No. 10-10260-JLT |
| | * | |
| RYAN SMITH, | * | |
| | * | |
| Defendant. | * | |

ORDER

October 12, 2011

TAURO, J.

After reviewing Parties' written submissions, this court hereby orders that the Government's Motion for Restitution [#40] is ALLOWED. The Government has provided sufficient facts, in the form of Federal Deposit Insurance Corporation ("FDIC") affidavits, to support its estimate of restitution required under the Mandatory Victims Restitution Act ("MVRA").

Under the MVRA, the government bears only the burden of establishing the evidentiary foundation of a determination of restitution by a preponderance of the evidence.[1] A restitution amount need not be established with "absolute precision," but rather a "modicum of reliable evidence" is sufficient.[2] In some instances, even a sworn affidavit is not required.[3]

Here, the sworn affidavits submitted by the FDIC provide adequate evidentiary foundation

---

[1] See United States v. Savoie, 985 F.2d 612, 617 (1st Cir. 1993).

[2] United States v. Mahone, 453 F.3d 68, 74 (1st Cir. 2006).

[3] See United States v. Smith, 528 F.3d 423, 425 (5th Cir. 2008) (rejecting the requirement of a sworn affidavit and upholding the use of a presentencing report as adequate evidentiary basis for the determination of a restitution amount where defendant offered no rebuttal evidence suggesting the calculation was inaccurate).

for the determination of the restitution amount. The two FDIC affidavits assert that the loss to the victims of the wire fraud totals $208,958.41, and Defendant offers no evidence in rebuttal. Without contradicting evidence, the FDIC affidavits meet the threshold evidentiary requirement, and thus the Government's Motion for Restitution is ALLOWED.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge